IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREAT OUTDOOR COTTAGES, LLC,          *
                                      *
        Plaintiff,                    *
                                      *
v.                                    *          Civil Case No. SAG-25-1545
                                      *
JOHN J. LONGINO,                      *
                                      *
        Defendant.                    *
                                      *
                            *************

## MEMORANDUM OPINION

.       Plaintiff Great Outdoor Cottages, LLC ("GOC"), a Delaware corporation with its manufacturing facility in Delaware and headquarters in Maryland, filed this declaratory judgment action against Defendant John J. Longino ("Longino"), a Pennsylvania resident. ECF 1. Three motions are currently pending and ripe for disposition: Longino's Motion to Dismiss the Complaint, ECF 7, GOC's Motion for Partial Summary Judgment, ECF 10, and GOC's Motion to Order Mediation, ECF 15. This Court has reviewed all three motions and the oppositions and replies thereto. ECF 8, 9, 13, 14, 16, 18. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, this Court will grant Longino's Motion to Dismiss, ECF 7, and deny the other two motions without prejudice as moot.

## I.      PROCEDURAL BACKGROUND

On March 25, 2025, Longino emailed GOC, attaching a draft complaint to be filed in Delaware Chancery Court relating to claims concerning Longino's 10% ownership interest in GOC. ECF 7-4, 7-5. The email represented that Longino would file the complaint by April 1, 2025 unless GOC indicated a willingness to explore amicable resolution. ECF 7-4. GOC responded with a settlement procedure to include the exchange of settlement proposals and then the engagement of appraisers to value Longino's membership interest. ECF 7-6. The settlement procedure was

later amended, through additional communications, to require the provision of certain financial information by GOC and further negotiation between the parties after the exchange of initial proposals. ECF 7-7, 7-8.

In accordance with the agreed settlement procedure, Longino delayed filing his Delaware Action and the parties began negotiating. GOC provided some financial information to Longino, and Longino made a settlement demand on May 8, 2025. ECF 7-9. On May 13, 2025, with no forewarning, GOC advised Longino's counsel that GOC had filed the instant action in this Court and also conveyed a settlement offer for Longino's interest. ECF 7-10. Longino then filed his draft complaint in Delaware the next day.[1] ECF 7-3.

## II.    LEGAL STANDARD

"Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). Here, this declaratory judgment action was first-filed in Maryland, by one day.

That does not end the inquiry, however. Although a federal court should normally entertain a declaratory judgment action within its jurisdiction, the court retains some discretion to decline to exercise jurisdiction. *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937). Specifically, "there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse." *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir.

---

[1] GOC believes Longino's initial settlement position to be "preposterous." ECF 7-10, ECF 8-4 at 25. This Court deems the amount of that settlement position and, in fact, the underlying merits of the issues to be litigated, to be irrelevant to its disposition of this motion.

2001) (citing *Aetna Cas.*, 92 F.2d at 324) (acknowledging discretion to decline jurisdiction over declaratory judgment actions filed "for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction.").

A court must consider four factors in deciding whether to exercise its discretion to hear a declaratory judgment action:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;[] (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing."

*Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (alterations in original).

Here, the first three factors do not meaningfully tip the scales. The state and federal courts appear equally well-suited to address the issues presented in an efficient way (although the personal jurisdiction factors addressed below suggest that proceeding in Delaware is otherwise warranted). There would clearly be overlapping issues and entanglement if both cases were to proceed forward simultaneously. But the most important of the four factors, in this case, is the "procedural fencing" evident in GOC's conduct.

On this point, the two cases Longino cites, *LWRC Int'l, LLC v. Mindlab Media, LLC*, 838 F. Supp. 2d 330 (D. Md. 2011) and *Citi Trends, Inc. v. Coach Inc.*, Civ. No. RDB-17-1763, 2018 WL 723792 (D. Md. Feb. 6, 2018), are persuasive. In *LWRC*, defendants sent a demand letter to LWRC stating that a lawsuit was being prepared and offering a "brief window" to negotiate a resolution. 838 F.Supp.2d at 333. LWRC responded by stating that it was waiting to hear back from its insurance company and asking defendants to refrain from filing suit while it explored

3

possibilities for resolution. *Id.* The next day, LWRC filed a declaratory judgment action in Maryland before defendants filed their damages action in California. *Id.* at 333–34.

This Court determined that those facts constituted "procedural fencing" warranting a declination of jurisdiction over the declaratory judgment action. *Id.* at 338. It reasoned that LWRC's "entreaty to Defendants' counsel to delay filing suit until it could explore the case and speak with its insurance company was little more than a disingenuous feint to allow it to file first and litigate close to home." *Id.* The Court concluded that the race to the courthouse "will certainly not go to the litigant who sprinted for the Courthouse after tying his adversary's shoelaces together." *Id.* at 339.

Similarly, in *Citi Trends*, Coach sent Citi Trends a demand letter claiming copyright infringement, attaching a draft complaint Coach had prepared for filing in the Central District of California. 2018 WL 723792, at *2. After some negotiation, Coach made a final monetary demand and represented that if it was not met, it would file its lawsuit by June 30, 2017. *Id.* Three days before that final deadline, Citi Trends filed a declaratory judgment action in this Court. *Id.* The Court declined to hear the declaratory judgment action because it concluded that the "declaratory judgment action is being used merely as a device for procedural fencing – that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable." *Id.* at *6–7 (quoting *Hogs & Heroes Found. Inc. v. Heroes, Inc.*, 202 F. Supp. 3d 490, 498 (D. Md. 2016)).

Declaratory judgment "actions are disfavored . . . when they are filed in anticipation of another lawsuit, in order to obtain a more favorable forum or procedural posture." *First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 673 (D. Md. 2002). There is little question that GOC filed this declaratory judgment action in an attempt to obtain a more favorable

forum than it would have in Delaware, and in contravention of the parties' agreed and unfinished procedure to attempt to settle their dispute. No matter how offensive or unreasonable GOC believed Longino's settlement demand to be, the parties had agreed that GOC would provide a responsive offer and engage in further negotiations. GOC did not give Longino any notice that it believed Longino's demand to essentially conclude the agreed settlement process, which would have allowed Longino to file the complaint he had already prepared. Whether or not GOC initially entered into the settlement process in good faith, its unilateral decision to terminate the process without notice and hurriedly file suit in a more preferred venue is the type of "guileful forum-shopping" that "must not be countenanced." *LWRC*, 838 F. Supp. 2d at 338. GOC "tied Longino's shoelaces" by proposing a structure for settlement negotiations and abandoning it short of completion to file its declaratory judgment action outside Longino's preferred forum. This Court will therefore exercise its discretion to decline to entertain this declaratory judgment action and will grant Longino's motion to dismiss. That dismissal renders the other two pending motions moot.

Additionally, this Court agrees that, even had no forum shopping occurred, it would lack personal jurisdiction over Longino, a non-resident defendant. Under Federal Rule of Civil Procedure 12(b)(2), the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see also Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). When "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md.*, 334 F.3d at 396 (citing

*Combs*, 886 F.2d at 676). To determine whether the plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. The court need not "look solely to the plaintiff's proof in drawing" all reasonable inferences in plaintiff's favor and may also look at the defendant's proffered proof and assertions regarding defendant's lack of contacts with the forum state. *Mylan Lab'ys, Inc.*, 2 F.3d at 62.

To exercise personal jurisdiction over a non-resident defendant, a court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A); and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Carefirst of Md.*, 334 F.3d at 396. When interpreting the reach of Maryland's long-arm statute, a federal district court is bound by the interpretations of the Maryland Supreme Court. *See Carbone v. Deutsche Bank Nat'l Tr. Co.*, Civ. No. RDB-15-1963, 2016 WL 4158354, at \*5 (D. Md. Aug. 5, 2016); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130, 135 (D. Md. 1981), *aff'd*, 758 F.2d 649 (4th Cir. 1985); *see also Mylan Labs.*, 2 F.3d at 61 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Moreover, courts must address both prongs of the personal jurisdiction analysis, despite Maryland courts consistently holding that "the state's long-arm statute is coextensive with the limits of personal jurisdiction set out by the due process clause of the Constitution." *Carefirst of Md.*, 334 F.3d at 396; *see also Bond v. Messerman*, 391 Md. 706, 721, 895 A.2d 990, 999 (2006); *CSR, Ltd. v. Taylor*, 411 Md. 457, 472, 983 A.2d 492, 501 (2009) (noting that the personal jurisdiction analysis "entails dual considerations").

Under the first prong, the plaintiff must identify a provision in the Maryland long-arm statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp.

2d 649, 652 (D. Md. 2001). Under the second prong, "due process requires only that . . . a defendant . . . have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This "minimum contacts" analysis depends on the number and relationship of a defendant's contacts to the forum state and whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Id.* at 316–19.

Finally, a court may exercise two types of personal jurisdiction, "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). "General" jurisdiction is a fairly limited concept, since it only arises where "the continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against [defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

"Specific" jurisdiction arises when there is an "affiliatio[n] between the forum and the underlying controversy." *Id.* at 919 (alteration in original); *Carefirst of Md.*, 334 F.3d at 397. To assess specific jurisdiction, the Fourth Circuit considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric*

*Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

Here, general jurisdiction does not exist because Longino is not domiciled in Maryland. Specific jurisdiction also does not exist because there is simply no affiliation between the forum and the controversy. The controversy arises, not out of Longino's employment with GOC in general, but out of an Operating Agreement giving Longino, a Pennsylvania resident, a percentage interest in a Delaware corporation. Even accepting all of GOC's cited facts as true, the facts that Longino currently works for a company that services clients in Maryland, or attended some monthly meetings of the GOC principals in Maryland, or attended a Christmas party in Maryland, have nothing to do with the controversy presented to this Court. This Court therefore lacks personal jurisdiction because GOC's claims do not "arise out of those activities directed at the State" and the exercise of personal jurisdiction over Longino would not be constitutionally reasonable.

## III.    CONCLUSION

For the reasons set forth above, Longino's Motion to Dismiss, ECF 7, is GRANTED and the case in this Court will be CLOSED. GOC's Motion for Partial Summary Judgment, ECF 10, and GOC's Motion to Order Mediation, ECF 15, will be DENIED AS MOOT without prejudice. A separate Order follows.

Dated:  November 3, 2025

                                      /s/
                                 Stephanie A. Gallagher
                                 United States District Judge